IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| EDVINS OWHOKA, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | No. 04 C 5287 |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION AND ORDER

Petitioner Edvins Owhoka filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and on August 25, 2004, we denied that petition without prejudice because it relied on Blakely v. Washington, 124 S. Ct. 2531 (2004), which, at that time, had not been held to apply retroactively. Petitioner then filed a motion for reconsideration, which, on February 1, 2005, we again denied without prejudice because the retroactive application issue was still outstanding. Petitioner has now filed a motion for a certificate of appealability (COA) so that he may appeal this court's denial of his motion for reconsideration. One day after we denied petitioner's motion for reconsideration the Seventh Circuit decided McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005), which held that United States v. Booker, 125 S. Ct. 738 (2005), and by extension Blakely, "does not apply retroactively to cases that became final before its release." Petitioner's case became final before the Court decided Booker, and his motion is accordingly dismissed.[1]

JAMES B. MORAN
Senior Judge, U. S. District Court

April 1, 2005.

---

[1] We treat petitioner's motion for a COA as a motion for reconsideration, as each time we have heretofore denied his motions, we did so without prejudice, and offered petitioner the option to refile after the retroactivity issue had been settled. In this sense, resolution of the motion was not final. Even if petitioner is entitled to seek a COA, he cannot make "a substantial showing of the denial of a constitutional right" (28 U.S.C. § 2253(2)) due to Booker's non-retroactivity.